IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL JACKSON                                                                    PLAINTIFF

v.                                          Civil No. 6:20-cv-06056

WARDEN ANTHONY JACKSON, ET AL                                          DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Michael Jackson, proceeds in this matter *pro se* and *in forma pauperis*. (ECF Nos. 1, 2, 3). Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 16). The Plaintiff has filed a response (ECF 19), and the Motion is ripe for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his *pro se* Complaint on May 26, 2020 pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted on May 26, 2020. (ECF No. 3). Plaintiff filed an Amended Complaint in response to a Court Order on June 16, 2020. (ECF No. 7).

In his Amended Complaint, Plaintiff names as Defendants Warden Anthony Jackson, Corporal J. Dickerson, Raymond Naylor, Wendy Kelley, Cornelious Christopher, Veronique Moore, Todd Ball, Caylib McGuire, Keith Waddle, Justine Minor, and Dexter Payne.

1

Plaintiff states that his first cause of action is for "due process violation of 5th & 14th amendment" with respect to Defendants "Corporal J. Dickerson, Disciplinary hearing officer Keith Waddle, Warden Anthony Jackson, Disciplinary hearing administrator Raymond Naylor, Secretary Wendy Kelley." (ECF No. 7 at 4). Plaintiff argues that the Defendants violated his due process rights in connection with a December 2018 disciplinary action when Defendant Jackson signed a hearing extension form after the time had expired and Defendant Dickerson delivered the expired extension form in violation of Arkansas Department of Correction (ADC) rules and regulations. Plaintiff further claims that Defendant Waddle, the disciplinary officer, refused to include certain documents in the disciplinary packet as required by ADC rules and regulations. Plaintiff also argues that Defendants Naylor and Kelley violated his due process rights in his appeal of the December 2018 disciplinary action when they upheld Defendant Waddle's finding of guilty even though ADC rules and regulations had not been followed. (ECF No. 7 at 4-5, 8).

Plaintiff's second cause of action is for "due process violations of 5th & 14th amendments" with respect to an incident occurring December 23, 2019. (ECF No. 7 at 5). Plaintiff names the following Defendants with respect to his second claim: "Veronique Moore, Disciplinary hearing officer Justine Moore, warden Todd Ball, Disciplinary hearing administrator Raymond Naylor, Major Cornelious Christopher, Director Dexter Payne." (ECF No. 7 at 5). Plaintiff argues that he was first served a disciplinary charge by Defendant Moore and then served a subsequent charge by Defendant Moore for the same violation with changed content. (ECF No. 7 at 5, 7). Plaintiff asserts that Moore's actions violated ADC rules and regulations. Plaintiff also alleges that Defendants Naylor and Payne violated his due process rights in his appeal by upholding Defendant Minor's finding of guilt on the December 2019 disciplinary even though ADC rules and regulations had not been followed. *Id*.

Plaintiff's third cause of action is for "due process violations of 5th & 14th amendments" and "defamation of character" with respect to an incident which occurred on February 16, 2020. (ECF No. 7 at 6). Plaintiff names "Caylib McGuire, Capt. Bryan Dallas, Disciplinary hearing officer Justine Minor, Disciplinary hearing administrator Raymond Naylor" as Defendants. *Id*. According to Plaintiff, Defendant McGuire violated his due process rights by filing a false disciplinary. Plaintiff further alleges that McGuire's false charge defamed his character. *Id*. Plaintiff states Defendant Minor violated his rights when she failed to view video footage and give proper weight to the evidence he offered or attempted to offer on appeal of the February 2020 disciplinary actions and by upholding Defendant Minor's finding of guilt. (ECF No. 7 at 6). Finally, Plaintiff argues that Defendant Naylor could have overturned the verdict but instead affirmed the violations, thereby violating his due process rights. *Id*.

Plaintiff seeks both compensatory and punitive damages for relief, specifically "$50 a day for each 68 total days spent." (ECF No. 7 at 7). He further asks that "all loss good time due to the violations" be restored and that "each disciplinary document be overturned entirely." *Id*.

Defendants Wendy Kelley, Dexter Payne, Raymond Naylor, Anthony Jackson, Caylib McGuire, Jasmine Dickerson, Todd Ball, Keith Waddle, and Justine Minor have filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 16). In the Motion, Defendants argue that Plaintiff's Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendants argue that Plaintiff's action should be dismissed pursuant to Rule 20(a)(2) because Plaintiff's claims arise out of three separate disciplinary actions. (ECF No. 16).

The Plaintiff has responded to Defendants' Motion and argues that he is "entitled to due process protections in prison disciplinary proceedings." (ECF No. 19).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support her claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

Plaintiff's due process claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). An inmate challenge to the

validity of a disciplinary conviction is barred by *Heck*. *Edwards,* 520 U.S. at 646-48. Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served. *Id.* Thus, *Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley,* 83 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good- time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.)

Here, Plaintiff has not alleged that his disciplinary actions have been favorably terminated. His requests for monetary damages and for his disciplinary violation to be overturned are therefore barred by *Heck*.

Plaintiff has also failed to state a claim with respect to his allegations that his disciplinary charges proceeded in ways that violated ADC rules and regulations. The violation of a state procedural rule does not equate to a violation of federal constitutional law. *See e.g., Hodge v. Jones*, 31 F.3d 157, 168 (4th Cir. 1994)("[A] State's violation of its own laws or procedural rules, creating rights beyond those guaranteed by the constitution, cannot support a federal due process claim."); *Adewale v. Whalen*, 21 F.Supp. 2d 1006, 1015 (D. Minn. 1998)(violation of state procedural rule does not constitute a violation of federal constitutional law).

Finally, Plaintiff state law claim of defamation is also subject to dismissal. According to the Supreme Court, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. V.

Cohill, 484 U.S. 343, 350 n. 7 (1988).  *See also* Johnson v. City of Shorewood, Minnesota, 360 F.3d 810 (8th Cir. 2004).

### IV.  CONCLUSION

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 16) be granted, and that this matter be dismissed with respect to **all Defendants**.[1]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this 16th day of September 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] The instant Motion was filed on behalf of Separate Defendants Wendy Kelley, Dexter Payne, Raymond Naylor, Anthony Jackson, Caylib McGuire, Jasmine Dickerson, Todd Ball, Keith Waddle, and Justine Minor.  Separate Defendants Cornelious Christopher and Veronique Moore have not been served and/or have not responded to the Plaintiff's Complaint.  Because, under *Heck*, the Plaintiff cannot proceed with his stated claims at this time, the action should also be dismissed with respect to Separate Defendants Christopher and Moore.